IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:                              )
                                               )
ANGELITA J. QUINTERO,                          )          CASE NO. BK12-81257-TJM
                                               )
                    Debtor(s).                 )                CHAPTER 7

ORDER

      Hearing was held on August 20, 2012, on the Chapter 7 trustee's objection to exemptions (Fil. No. 8) and resistance by the debtor (Fil. No. 12). Martha M. McMinn appeared for the debtor and Richard D. Myers appeared as the trustee.

      The objection is overruled.

      The debtor has been unemployed since April 9, 2012, because she had to resign from her employment as a result of treatment for a medical issue. She filed a Chapter 7 bankruptcy petition on June 5, 2012, and claimed a tool of the trade exemption in her vehicle under Neb. Rev. Stat. § 25-1556(4).[1] The trustee objects to that exemption, pointing out that the statutory language contemplates the existing employment of the debtor in order to claim the exemption. As the objecting party, the trustee bears the burden of proving the exemption is not properly claimed. Fed. R. Bankr. P. 4003(c).

      As the parties are aware, Nebraska's exemption statutes have long been liberally construed in favor of the debtor. In re Bailey, 172 F. Supp. 925, 927 (D. Neb. 1959). "Statutory exemption laws are founded upon public policy. Each state has a right, as well as a duty, to protect an unfortunate head of a family from having all his property taken from him and he be forced to become a charge upon the taxpayers." State ex rel. Sorensen v. Bank of Crab Orchard (In re Application of Laflin), 239 N.W. 836, 837-38 (Neb. 1932).

---

[1]The relevant portion of that statute is as follows:

25-1556. Specific exemptions; personal property; selection by debtor
      No property hereinafter mentioned shall be liable to attachment, execution, or sale on any final process issued from any court in this state, against any person being a resident of this state: . . . (4) the debtor's interest, not to exceed an aggregate fair market value of two thousand four hundred dollars, in implements, tools, or professional books or supplies held for use in the principal trade or business of such debtor or his or her family, which may include one motor vehicle used by the debtor in connection with his or her principal trade or business or to commute to and from his or her principal place of trade or business[.]

In liberally construing the exemption statutes, this court has been receptive to the statutory interpretation that a debtor need not be currently employed in order to claim a tool of the trade exemption in a vehicle, as long as there is evidence the debtor is only temporarily unemployed as of the petition date[2] and intends to resume working. See, e.g., In re Mayfield, 2003 Bankr. Lexis 1525 (Bankr. D. Neb. July 8, 2003) (allowing debtor to supplement record to demonstrate his intention to find work); In re Tracy, 2008 WL 5225840 (Bankr. D. Neb. Dec. 12, 2008) (discussing Mayfield and cases cited therein in determining that debtor was not eligible for tool of the trade exemption because there was insufficient evidence of his ability or intention to return to work); In re Behnke, 2008 WL 4951975 (Bankr. D. Neb. Nov. 18, 2008) (denying tool of the trade exemption for lack of evidence that debtor used the vehicle in his work of winding up corporate affairs for his pre-petition businesses). A liberal interpretation does not entail reading words into the statute, however. The court, while sympathetic to debtors' needs, is careful not to stretch the exemption statutes "beyond recognition." Tracy, 2008 WL 5225840 at *2.

This approach of recognizing a debtor's need to maintain possession of the tools of his or her trade, even if presently between jobs, is common in other jurisdictions as well. See In re Ferro, 2010 WL 310857 (Bankr. S.D. Tex. Jan. 21, 2010) (holding that a boat builder had not abandoned his trade and could claim a tool of the trade exemption in his tools, which he had not used for several years, because the evidence indicated he intended to resume his business when the economy improved); In re Cooper, 324 B.R. 133 (Bankr. D. Kan. 2004) (iterating Kansas courts' willingness to permit "a narrow exception" to the rule that exemptions are determined on the petition date where debtors can demonstrate their business has only temporarily ceased and they intend to return to it in the near future); In re Aldrich, 1994 WL 774638 (Bankr. E.D. Va. June 28, 1994) (holding that debtor's intention to return to his occupation, even though a contract dispute had precluded him from doing so at the time he filed his bankruptcy petition, was sufficient to support a tool of the trade exemption); In re Vigil, 101 B.R. 189 (Bankr. N.D. Cal. 1989) (holding that under California law, debtor may exempt tools necessary for his occupation, even if unemployed, unless it is clear the debtor "has abandoned that occupation or is incapable of continuing in it").

In the present case, Ms. Quintero submitted affidavit evidence that she underwent surgery which necessitated an eight-week recovery period before she could resume working. As a result, she was forced to resign from the position she held prior to her surgery. She states that she is now recovered and is actively seeking employment, for which she needs her vehicle. The debtor's evidence indicates her cessation of employment was only temporary because of her medical issues. She has since recovered, is able to work, and is attempting to find employment. She must use her vehicle to look for work and, when she obtains a job, to travel to and from that job. The facts of this case fall within the liberal construction of the exemption statute and do not entail stretching it beyond recognition. Because the evidence indicates the debtor is intent on finding work after a brief interruption in her employment, she is entitled to claim a tool of the trade exemption in her car.

---

[2]A debtor's entitlement to an exemption is determined as of the day the bankruptcy petition is filed. 11 U.S.C. § 522(b)(3)(A); Peoples' State Bank of Wells v. Stenzel (In re Stenzel), 301 F.3d 945, 947 (8th Cir. 2002).

IT IS ORDERED: The Chapter 7 trustee's objection to exemptions (Fil. No. 8) is overruled.

DATED:        August 22, 2012

                                    BY THE COURT:

                                    /s/ Timothy J. Mahoney
                                    United States Bankruptcy Judge

Notice given by the Court to:
        *Richard D. Myers
        Martha M. McMinn
        United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.